IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Inocencio Esparza-Recendez, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner and Appellant, | ) | Case No. 20120653-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (December 6, 2012) |
| State of Utah, | ) | |
| | ) | 2012 UT App 344 |
| Respondent and Appellee. | ) | |

-----

Third District, Salt Lake Department, 120904079
The Honorable Denise P. Lindberg

Attorneys:      Edward L. Carter, Orem, for Appellant

-----

Before Judges Thorne, McHugh, and Roth.

¶1      Inocencio Esparza-Recendez appeals the district court's June 21, 2012 minute entry ruling denying his petition for post-conviction relief. This matter is before the court on a sua sponte motion for summary disposition on the basis of manifest error. We reverse and remand.

¶2      We begin by clarifying the requirements of rule 7(f)(2) of the Utah Rules of Civil Procedure and *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, 201 P.3d 966, as they pertain to appeals from cases originating under the Post-Conviction Remedies Act. In the past we have issued decisions stating that any order of a district court purporting to dismiss a petition for post-conviction relief had to comply with rule 7(f)(2) by either being prepared by one of the parties or, if the court prepared the order, stating that such order was the final order of the court and that no further order was required. This remains true for all orders dismissing a case after the proper responding party has been

served with the petition pursuant to rule 65C(i) of the Utah Rules of Civil Procedure. Thus, if a party appears and opposes a petitioner's request for post-conviction relief, any order dismissing the case must expressly comply with rule 7(f)(2) and prior case law.

¶3      However, we now conclude that under the unique circumstance presented when a petition is dismissed pursuant to rule 65C(h) of the Utah Rules of Civil Procedure, as frivolous on its face and prior to service on the proper party for the State, the order need not be prepared by counsel or expressly state that the order is the final order of the court and that no further order is required. Rule 65C(h) requires a district court to "review the petition, and, if it is apparent to the court that any clam has been adjudicated in a prior proceeding, or if any claim in the petition appears frivolous on its face, *the court shall forthwith issue an order dismissing the claim*." Utah R. Civ. P. 65C(h)(1) (emphasis added). Thus, the rule requires the district court, itself, to issue an order dismissing the petition if the court makes certain conclusions. Because the rule requires the district court to issue the order without any assistance from a party, the order dismissing the petition inherently complies with the dictates of rule 7(f)(2) and *Giusti*. Accordingly, a district court's order dismissing a petition for post-conviction relief as frivolous under subsection (h) is final for purposes of appeal.

¶4      Esparza-Recendez was sentenced after pleading guilty to two misdemeanors in 2009. Esparza-Recendez filed a petition for post-conviction relief asserting that he received ineffective assistance of counsel because his trial attorney failed to inform him of the immigration consequences of his plea. *See Padilla v. Kentucky*, 130 S. Ct. 1473, 1486 (2010) (concluding that criminal defense attorneys have a responsibility to properly advise defendants of the immigration consequences of any plea). The district court dismissed the petition prior to service upon the State because it concluded that the petition was untimely. *See* Utah Code Ann. § 78B-9-107(1) (LexisNexis 2008)(stating that a "petitioner is entitled to relief only if the petition is filed within one year after the cause of action has accrued"). However, prior to dismissing the case, the district court never provided notice to Esparza-Recendez that it was considering dismissing the case based upon the procedural bar.

¶5      Utah Code section 78B-9-106(2)(b) states that "[a]ny court may raise a procedural or time bar on its own motion, provided that it gives the parties notice and an opportunity to be heard." *Id.* § 78B-9-106(2)(b). This includes dismissals based upon the

theory that the claim is barred by the statute of limitations. *See id.* § 78B-9-106(1)(e). Because the record indicates that the district court dismissed the case based on a procedural bar, i.e., the statute of limitations barred the petition, Esparza-Recendez was entitled to notice and an opportunity to be heard as to whether his petition should have been dismissed on this ground.[1]

¶6      The district court's order of dismissal is reversed. We remand this matter so the district court can afford Esparza-Recendez his notice and opportunity to be heard in accordance with Utah Code section 78B-9-106(2)(b).

_____
William A. Thorne Jr., Judge


_____
Carolyn B. McHugh, Judge


_____
Stephen L. Roth, Judge

---

[1]The court notes that much of the confusion concerning the requirement to give such notice may arise from the fact that the notice requirements of Utah Code section 78B-9-106(2)(b) are not replicated in rule 65C(h).